UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **JERRY A. BURTON,** | ) | NO. CV-11-1419-GW-(CW) |
| | ) | |
| Petitioner, | ) | MEMORANDUM AND ORDER: |
| | ) | (1) DISMISSING SUCCESSIVE |
| v. | ) | PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS; AND (2) DENYING |
| **D. ADAMS (WARDEN),** | ) | REQUEST FOR EVIDENTIARY HEARING |
| | ) | |
| Respondent. | ) | |

On February 16, 2011, state prisoner Jerry A. Burton ("petitioner"), proceeding pro se, filed a third petition for writ of habeas corpus with this court. [Docket No. 1.] On May 31, 2011, respondent moved for an order of dismissal. [Docket No. 13, 14.] On June 8, 2011, Petitioner submitted a reply brief and request for evidentiary hearing. [Docket No. 16, 17.]

As discussed below, because this petition is a "second or successive petition" filed without a prior authorization from the United States Court of Appeals for the Ninth Circuit, the court will deny the request for hearing and dismiss the petition without prejudice.

## BACKGROUND

The relevant proceedings are as follows.

In 1991, a Los Angeles jury convicted Petitioner of first-degree

murder and first-degree attempted murder. [Lodged Document ("Lodge.") No. 1.] He was sentenced to state prison for twenty-five years to life plus five years, and two life terms. [Id.]

After completing his direct appeal, Petitioner filed a federal petition for writ of habeas corpus.[1] [Lodge. No. 2.] On November 23, 1993, the petition was dismissed with prejudice. [Lodge. No. 4.]

On November 18, 1994, the Ninth Circuit Court of Appeals affirmed the dismissal. [Lodge. No. 5.] On November 27, 1995, the United States Supreme Court denied a petition for writ of certiorari. [Lodge. No. 6.]

On February 19, 1998, Petitioner filed a second petition for writ of habeas corpus in this court.[2] [Lodge. No. 7.] The second petition was initially dismissed without prejudice as successive; however, upon Petitioner's application, on July 7, 1998, the Ninth Circuit granted Petitioner's request to file a second or successive petition. [Lodge. No. 9.] On November 18, 1999, the second petition was denied with prejudice because it was filed after the one-year statute of limitations had expired. [Lodge. No. 10-13.]

This petition followed.

## **DISCUSSION**

In this petition, Petitioner claims the California courts erred in denying his requests for appointment of counsel and for DNA testing, which he contends could establish his innocence of the 1991 murder for which he is now serving a life term. [Petition ("Pet." at 5

---

[1] CV 93-774-KN(EE).

[2] CV 98-1175-GHK(EE).

1 and attachments].

2 Under the "gatekeeping" provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(b)(3)(A), before a Petitioner can bring a "second or successive" federal challenge to the custody imposed by the judgment of a state court, he is required to receive prior authorization from the Circuit; if he does not do so, the district court is without jurisdiction to entertain the second or successive challenge. Burton v. Stewart, 549 U.S. 147, 152-53, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

The phrase "second or successive petition" is a term of art given substance in prior Supreme Court habeas corpus cases. Slack v. McDaniel, 529 U.S. 473, 476, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citing Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)). A second or subsequent habeas corpus petition is not considered successive if the initial habeas petition was dismissed for a technical or procedural reason rather than on the merits. See Slack v. McDaniel, 529 U.S. at 485-87. A dismissal based upon the statute of limitations is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

To the extent Petitioner's current claim may sound in habeas corpus in that he ultimately seeks evidence to prove his innocence of the 1991 conviction and obtain release from custody, see Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) – his petition is "second or successive" and this court is without jurisdiction to entertain it unless he first obtains the requisite authorization. Because the

record reflects Petitioner has failed to obtain authorization, the petition must be dismissed without prejudice to his doing so.

To the extent Petitioner otherwise seeks to raise a due process challenge to the state's alleged denial of his request for counsel and DNA testing, as he appears to urge in his reply, this dismissal is made without prejudice to Petitioner bringing a civil rights action under 42 U.S.C. 1983.[3] See <u>District Attorney's Office for Third Judicial Dist. v. Osborne</u>, _ U.S. _, 129 S.Ct. 2308, 2318, 174 L.Ed.2d 38 (2009).

**ACCORDINGLY, IT IS ORDERED** that the Petitioner's request for an evidentiary hearing is **DENIED** and the federal habeas petition is **DISMISSED.**

Presented by:

Dated: June 27, 2011

_____/s/_____
CARLA M. WOEHRLE
UNITED STATES MAGISTRATE JUDGE


DATED: August 4, 2011

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

---

[3] Petitioner has two unrelated civil rights actions pending in this court at Case Nos. 08-CV-5384-GW(CW) and 04-CV-7209-GW(CW). If Petitioner chooses to bring a separate 1983 action to address the issues presented here, his claim would fall within the provisions of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and would be subject to the filing and filing fee requirements applicable to civil rights matters.